PROB 12C
(6/16)

Report Date: August 21, 2020

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Leelynn George          Case Number: 0980 2:10CR02081-RMP-1

Address of Offender:                      , Yakima, Washington, Washington 98908

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U. S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: January 11, 2011

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation Aggravated Sexual Abuse, 18 U.S.C. §§ 1153 and 2241(a)(1) | |
| Original Sentence: | Prison - 60 months; TSR - 240 months | Type of Supervision: Supervised Release |
| Revocation Sentence: 09/23/2015 | Prison - 4 months; TSR - 234 months | |
| Revocation Sentence: 01/11/2017 | Prison - 18 months; TSR - 60 months | |
| Revocation Sentence: 01/22/2019 | Prison - 5 months; TSR - 60 months | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: May 24, 2019 |
| Defense Attorney: | Paul E. Shelton | Date Supervision Expires: May 23, 2024 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Mandatory Condition #1**: The defendant shall not commit another federal, state, or local crime.

**Supporting Evidence**: Mr. George is considered to be in violation of his conditions of supervised release by allegedly committing a new law violation of assault with a domestic violence enhancement on August 10, 2020.

Mr. George's conditions were reviewed with him on May 28, 2019. He signed his conditions acknowledging an understanding of his conditions, which includes mandatory condition number 1, as noted above.

Prob12C
**Re: George, Leelynn**
**August 21, 2020**
**Page 2**

According to the Yakama Nation Police Department (YNPD) narrative for incident report number 20-005491, the following occurred on August 10, 2020: Officer's were dispatched to Mr. George's home after receiving a complaint the offender poured lighter fluid on his significant other and the home during an argument. Upon arriving on scene, YNPD found a shirtless Mr. George standing in front of the home with a clear liquid substance on his chest. The offender was detained, and verbally admitted to the officers that he poured lighter fluid on himself and the home. Mr. George also admitted throwing orange juice on the victim during their argument. The victim escaped the home before officers could arrive. Inside of the home a white liquid container was observed, which contained lighter fluid.

During follow up with the victim, Mr. George's admission was confirmed. The victim reported Mr. George attempted to pour lighter fluid on her, which she prevented by moving away. The offender was able to throw orange juice on her, resulting in her calling for help before the situation escalated any further.

Mr. George was cited by law enforcement and released from custody. As of the writing of this report, this case remains pending in tribal courts.

2      **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: It is alleged Mr. George violated his conditions of supervised release by failing to report to the probation officer on August 10 and 18, 2020.

Mr. George's conditions were reviewed with him on May 28, 2019. He signed his conditions acknowledging an understanding of his conditions, which includes standard condition number 2, as noted above.

On August 7, 2020, Mr. George was sent verbal and written reporting instruction for this date, which at the offender's request, was changed to August 10, 2020. Mr. George failed to report on that date as directed.

On August 18, 2020, a voicemail was left instructing the offender to report by 1 p.m. on this date or further Court action would be requested, which he failed to do. At the writing of this report, Mr. George has made contact with the undersigned officer, providing updated contact information.

3      **Standard Condition #9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Supporting Evidence**: It is alleged Mr. George violated his conditions of supervised release by failing to report his August 10, 2020, arrest, within the 72 hours.

Mr. George's conditions were reviewed with him on May 28, 2019. He signed his conditions acknowledging an understanding of his conditions, which includes standard condition number 9, as noted above.

Prob12C
Re: George, Leelynn
August 21, 2020
Page 3

> As referenced to behavior noted in violation number 1, Mr. George was arrested by law enforcement on August 10, 2020, which he failed to report to the undersigned officer within 72 hours, which should have occurred by August 13, 2020.

4   **Special Condition #8**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged Mr. George violated his conditions of supervised release by consuming marijuana on or about August 20, 2020, as evidenced by his admission to the undersigned officer.

Mr. George's conditions were reviewed with him on May 28, 2019. He signed his conditions acknowledging an understanding of his conditions, which includes special condition number 8, as noted above.

On August 19, 2020, the undersigned officer received a text message from Mr. George requesting a drug and alcohol assessment.

On August, 20, 2020, during a virtual home inspection, the offender verbally admitted consuming marijuana on a regular basis. Mr. George reported he previously denied illegal drug use to the undersigned officer because he, "did not want to rat on himself." At the writing of this report, Mr. George's drug and alcohol assessment is pending.

5   **Special Condition #9**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: It is alleged Mr. George violated his conditions of supervised release by consuming alcohol on or about July 5, 2020, as evidenced by his admission to the undersigned officer.

Mr. George's conditions were reviewed with him on May 28, 2019. He signed his conditions acknowledging an understanding of his conditions, which includes special condition number 9, as noted above.

On July 6, 2020, during a virtual home contact, Mr. George verbally admitted to consuming alcohol the previous night. The undersigned officer verbally reprimanded Mr. George, informing him this was unacceptable behavior. During additional follow up, Mr. George has denied any additional alcohol use.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
**Re: George, Leelynn**
**August 21, 2020**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 21, 2020

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

8/24/2020

Date